UNITED STATES DISTRICT COURT

STATE OF LOUISIANA

| ROBERT S. COOPER, ET AL | CIVIL ACTION |
|---|---|
| VERSUS | NO.09-929-JJB-CN |

WYETH, INC., ETAL

A.     JURISDICTION:

The basis for jurisdiction of the Court is complete diversity and an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

B.     BRIEF EXPLANATION OF THE CASE:

1     Plaintiff's Claims: Plaintiff Robert Cooper contends that he ingested Reglan® and/or metoclopramide on a regular basis over a 12 year period. When the medication was prescribed to Mr. Cooper he was told the by taking the Reglan® and/or metoclopramide it would provide relief for his symptoms related to acid reflux condition . Unbeknownst to Mr. Cooper the Reglan® and/or metoclopramide was causing him to develop a condition known as Tardive Dyskinesia. The above-listed defendants at differing periods over a twelve year span maunfactured the Reglan® and/or metoclopramide ingested by the plaintiff, thereby making them liable for the damage he sustained as a result of taking the medication.

2.     Defendant's claims: Teva asserts that the benefits of Reglan® and/or metoclopramide outweigh the risks of the medication, that the Reglan® and/or metoclopramide products at issue properly warned of the risks of the harm(s) alleged by plaintiffs, and that plaintiffs' injuries were proximately caused by events or conditions other than Mr. Cooper's alleged ingestion of Reglan® and/or metoclopramide. Teva has also raised defenses including assumption of the risk, contributory negligence, comparative fault, learned-intermediary, and other defenses under Louisiana's Products Liability Act. Teva also asserts that Plaintiffs' claims against it are preempted by federal law.

C.     PENDING MOTIONS:

The plaintiffs do not have any motions pending before the court.

There are presently no pending motions filed by Teva.

D. **ISSUES:**

The initial issue is product identification. Teva asserts that it is not potentially liable to Plaintiffs unless Mr. Cooper ingested metoclopramide manufactured by Teva. Additionally, as discussed above, Teva is alleging both that the product was not defective, as defined by the Louisiana's Products Liability Act, that the Plaintiffs' injuries were proximately caused by events or conditions other than Mr. Cooper's ingestion of Reglan® and/or metoclopramide. Teva's affirmative defenses include assumption of risk, contributory negligence, learned-intermediary doctrine, as well as federal preemption. Teva presumes that Plaintiffs will contest all of these legal issues.

E. **DAMAGES:**

1. Plaintiffs' calculation of damages:

    Plaintiffs are still in the process of calculating damages owed by the defendants.

2. Defendant's calculation of offset and/or plaintiff's damages: Teva contends that Plaintiffs' alleged damages were not proximately caused by Teva and/or Teva is not legally responsible for any damages complained of by Plaintiffs.

3. Counter claimant/cross claimant/third party's calculation of damages: Teva is unaware of any damages in this category.

F. **SERVICE:**

**PLAINTIFFS:** The plaintiffs have attempted service on each listed defendant however, at this point the plaintiffs have only effectuated service Teva Pharmaceuticals.

Teva understands from Plaintiffs that Teva is the only Defendant served who has properly appeared in this case. Service on some of the other Defendants was apparently returned as incomplete to Plaintiffs, and the service issue remains unresolved. Teva believes this case is properly in this Court on the basis of diversity jurisdiction, and in the proper venue.

G. **DISCOVERY:**

1. Have the initial disclosures required under FRCP 26(a)(1) been completed? No.

    A. Do any parties object to initial disclosures:

        The plaintiffs do not object to providing the defendants with initial disclosures.

Yes. Teva objects to providing initial disclosures on the basis that it is not potentially liable to Plaintiffs unless Mr. Cooper ingested metoclopramide manufactured by Teva. Therefore, Teva requests that it not be required to provide initial disclosures required by FRCP 26(a)(1), and Plaintiffs not be permitted to otherwise engage in discovery against Teva until Plaintiffs have provided affirmative product identification evidence that Robert Cooper took Teva's product. Teva contends that Plaintiffs should be required to provide affirmative product identification evidence to Teva, and if Teva's product was ingested by Mr. Cooper, then Teva will provide FRCP 26(a)(1) disclosures to Plaintiffs.

    B.    Please provide any stipulations reached by the parties with regard to FRCP 26(a)(1) initial disclosures. None to date.

2. Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): None.

By defendant(s): As discussed previously, Teva contends that discovery should not begin until Plaintiffs provide affirmative evidence of product identification.

3. Protective Orders:

**PLAINTIFFS:** At this time the plaintiffs are not seeking any protective orders.

In prior Reglan®/metoclopramide litigation, some defendants have produce Reglan®/metoclopramide-related documents to plaintiffs' counsel. Many of these documents contain trade secrets and other confidential medical and scientific research and development, or otherwise contain information regarding the formula, pharmacology, clinical testing, labeling, marketing, and post-marketing surveillance of Reglan® and/or metoclopramide. Documents containing such information have been produced elsewhere subject to protective orders entered by the presiding courts, which were intended to protect the confidentiality of such documents and the information contained therein.

Teva contends that it would be appropriate to enter a corresponding protective order in this case, which will allow plaintiffs' counsel to retain such previously-produced confidential documents for use in this case for the benefit of plaintiffs, subject to the same protections, as well as to govern the confidential treatment of any additional eligible documents newly produced in this action. Teva intends to seek an agreed protective order, governing its production of documents that contain trade secrets and confidential research, development, and commercial information, and respectfully requests that such an order be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

4. Discovery from Experts:

**DEFENDANTS:** Teva anticipates the possible need to take depositions of expert witnesses designated by Plaintiffs. Teva, however, contends that certain non-case-specific discovery in this action, particularly as to Teva's company witnesses, and expert witnesses common to prior Reglan®/metoclopramide products liability litigation, may overlap with or duplicate discovery previously conducted in such prior Reglan®/metoclopramide products liability litigation. In the interests of judicial economy and the convenience of the witnesses, Teva suggests that the parties will undertake good faith efforts to treat depositions and other discovery taken in prior litigation, where appropriate, as if taken in this action, and thereby avoid unnecessary duplication of effort. On a case specific basis, Teva anticipates the need for experts in specific medical causation for Mr. Cooper, as well as possibly a vocational rehabilitation expert, and an economist. In prior litigations, Teva has disclosed experts in many disciplines, including, but not limited to, neurology, pharmacology, toxicology, epidemiology, and regulatory affairs.

### H. PROPOSED SCHEDULING ORDER:

The case is complex, involving numerous fact witnesses and written discovery. Teva anticipates that there will be numerous fact witnesses identified with respect to plaintiffs' claims. It is also likely that there will be multiple treating physicians and other health care providers required to present the factual portion of the case. Prior to that time, Teva needs to request, collect, and review all of plaintiffs' medical, educational, and employment records.

Furthermore, Teva anticipates that expert witnesses from multiple disciplines will be named, including, neurology, pharmacology, toxicology, epidemiology, regulatory affairs, economics, vocational rehabilitation, and medical causation, to provide testimony in the case. Based on Teva's experience with other similar cases, it is likely there will be ten to fifteen expert witnesses identified.

As a result of the number of witnesses, the technical nature of the anticipated expert testimony, the voluminous records that need to be produced, and the complexity of the scientific issues to be addressed, Teva feels that additional time to complete discovery is reasonable and necessary for the preparation of the case. Teva submits to the Court that there is good cause for an extended discovery period due to the complexity of this case. The delay in securing service on co-defendants in this case only exacerbates these issues.

In light of the sophisticated nature of discovery in this case, Teva suggests an 18-month discovery schedule, setting trial for sometime in August or September 2011. To facilitate efficiency during the discovery period, Teva requests that discovery be conducted in two phases. Teva proposes that all fact discovery be completed within eleven months, and that the second phase, expert discovery, be completed within four months after the completion of fact discovery. Thus, all discovery would be completed within fifteen months. The parties would then have 30 days to file motions to exclude experts and dispositive motions, and the case would be trial ready 60 days after that.

Teva respectfully submits the following proposed schedule for fact discovery, expert reports, and dispositive motions practice in this case:

- Plaintiffs shall provide affirmative product identification evidence, medical authorizations, and initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before <u>April 10, 2011.</u>
- The fact discovery deadline shall be <u>January 31, 2011.</u>

- Reports from retained experts under Rule 26(a)(2) shall be due:
    from plaintiffs by <u>February 28, 2011.</u>
    from defendants by <u>March 31, 2011.</u>

- The expert discovery deadline shall be <u>May 31, 2011.</u>

- All potentially dispositive motions shall be filed by <u>June 30, 2011.</u>

- The case will be ready for trial in August or September 2011.

## I. TRIAL:

1. Has a demand for trial by jury been made? Yes.

2. Estimate the number of days that trial will require.

   The plaintiffs and Teva anticipate the trial in this case could easily last two weeks.

**PLAINTIFFS:** The plaintiffs agree with the proposed scheduling order as outlined above.

## J. OTHER MATTERS:

Are there any specific problems the parties wish to address at the scheduling conference?

**PLAINTIFFS**: The plaintiffs are unaware of any problems that should be addressed at the scheduling conference.

DEFENDANTSYes.Teva anticipates other defendants may have different or additional requirements for case scheduling when they are served, and this should be discussed at the scheduling conference.

## K. ALTERNATIVE DISPUTE RESOLUTION ("ADR"):

1. Do the parties wish to engage in alternative dispute resolution proceedings? No.

   **PLAINTIFFS:**The plaintiffs do not object to alternative dispute resolution, however it seems premature to entertain any form of settlement at this stage of the case.

DEFENDANTS: No. At present, no settlement discussions have taken place. In view of the fact that no discovery has been conducted, the parties are unable to evaluate the merits or value of plaintiffs' claims. After conducting substantial discovery, Teva will be in a better position to evaluate whether there is a basis for alternative dispute resolution, and if such, the most effective form of alternative dispute resolution.

L.  **SETTLEMENT:**

1. Because no discovery has been conducted, and because co-defendants have not yet been served, all parties contend that it is premature to discuss settlement in this case.

2. Do the parties wish to have a settlement conference? Yes. The settlement conference should not take place until after all fact discovery is completed.

M.  **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE:**

The plaintiffs consent to jurisdiction by a Magistrate Judge.

Teva objects to jurisdiction by a Magistrate Judge.

The plaintiffs have not filed any motions at this time.

Respectfully Submitted:

/s/Steven Gill
Steven Gill, Bar Roll#30520
**THE GILL LAW FIRM, LLC**
909 Poydras St., Suite 2180
New Orleans, LA 70112
Telephone:(504)585-1617
Fax:(504)585-1621
Attorney for Plaintiffs

**THE AUBERT LAW FIRM**
BY:  s/David M. Gold
CHRISTOPHER J. AUBERT, T.A.
Louisiana State Bar Association Number 14057
DAVID M. GOLD
Louisiana State Bar Association Number 24720
506 E. Rutland Street
Covington, Louisiana 70433
Telephone: (504) 809-2000
Facsimile: (504) 809-2001
ATTORNEYS FOR TEVA PHARMACEUTICALS USA, INC.

## **CERTIFICATE OF SERVICE**

I certify that this Status Report was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the opposing counsel, by operation of the court's electronic filing system, on this 5th day of March 2010:

/s/ Steven Gill
Steven Gill, Attorney