UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBERT S. COOPER, ET AL.

VERSUS

WYETH, INC., ET AL.

CIVIL ACTION

NO. 09-929-JJB-CN

**RULING ON MOTION TO DISMISS**

The matter before the Court is a motion to dismiss (doc. 19) filed by Defendant, Apothecon, Inc. ("Apothecon"). Plaintiff, Robert S. Cooper ("Cooper"), did not file an opposition. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. There is no need for oral argument. For the following reasons, the Court GRANTS in part and DENIES in part Apothecon's motion.

The plaintiff alleges that his long term ingestion of Reglan, or metoclopramide as it is known in its generic form, resulted in an overexposure to metoclopramide which caused him to suffer serious, permanent, and disabling neurological injuries, including but not limited to Tardive Dyskinesia. Plaintiff brings a products liability action against defendant Apothecon, a seller of Reglan in its generic form.

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court should grant a motion to dismiss only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

1

In reviewing the complaint, courts accept all well-pleaded facts in the complaint as true. *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Courts do not, however, accept as true all legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Defendant seeks to dismiss plaintiff's claims for two reasons. First, defendant contends that plaintiff's Louisiana Unfair Trade Practices and Consumer Protection Law, fraud, negligence, negligent misrepresentation, misrepresentation, breach of implied warranty, and punitive or exemplary damage claims should be dismissed because they do not state a cognizable action under the Louisiana Products Liability Act ("LPLA"). Second, defendant contends that plaintiff's LPLA claims should be dismissed because plaintiff's complaint fails to allege that plaintiff ingested a product manufactured by Apothecon.

The LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. § 9:2800.52. In order to prevail on a LPLA claim, plaintiff "must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product 'unreasonably dangerous'; and (4) that the claimant's damage arose

2

from a reasonably anticipated use of the product by the claimant or someone else.  *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 260-1 (5th Cir. 2002); La. R.S. § 9:2800.54(A).  A product is considered unreasonably dangerous in only four circumstances:  (1) defect in the product's construction or composition, (2) design defect, (3) inadequate warning, or (4) failure to conform the manufacturer's express warranty.  La. R.S. 9:2800.54(B)(1-4).  *See, e.g., Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1248 (5th Cir. 1997) (holding that Louisiana law only recognizes the four theories of recovery for products liability actions set forth by the LPLA).

Defendant moves to dismiss plaintiff's products liability claims based upon Louisiana Unfair Trade Practices and Consumer Protection Law, fraud, negligence, negligent misrepresentation, misrepresentation, and breach of implied warranty because such claims are outside the permissible scope of the LPLA.[1]  The Court finds that these claims do not fall into one of the four categories recognized by the LPLA, and thus, the Court dismisses these claims pursuant to Rule 12(b)(6) because they do not state a cognizable action under Louisiana law.

Additionally, defendant seeks to dismiss plaintiff's claims for punitive damages under the LPLA.[2]  Under Louisiana law, punitive damages are not allowable unless authorized by statute.  *Int'l Harvester Credit Corp. v. Seale*, 418

---

[1] Def.'s Mot. to Dismiss 2 (doc. 19.)
[2] *Id.* at 6.

3

So. 2d 1039, 1041 (La. 1988). The LPLA does not authorize punitive damages. *Bladen v. C.B. Fleet Holding, Co.*, 487 F. Supp. 2d 759 (W.D. La. 2007). Accordingly, this Court dismisses plaintiff's claims for punitive or exemplary damages under the LPLA.

Finally, defendant seeks to dismiss plaintiff's claims because plaintiff failed to allege that plaintiff ingested a product made by Apothecon.[3] Defendant cites *Sherman v. Stryker Corp.*, 2009 WL 2241664, 4 (C.D. Cal. 2009) as persuasive authority to support its case. In *Sherman*, the court dismissed plaintiff's claim against a drug manufacturer because the plaintiff failed to identify the medication administered to the plaintiff but rather uses broad terminology such as "pain relief drugs" to identify the medication administered to the plaintiff. The present case is different from *Sherman*. Here, the plaintiff specifically identifies the drug prescribed and taken by plaintiff as Reglan, known as metoclopramide or metoclopramide HCl in its generic form.[4] Furthermore, plaintiff identifies Apothecon as a seller of generic Reglan.[5] Therefore, the Court finds that it has alleged facts to survive the motion to dismiss. Defendant may bring a motion for summary judgment in due course if appropriate.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the Defendant's motion to dismiss (doc. 19) is **GRANTED** as to Plaintiff's Louisiana

---

[3] *Id.* at 1.
[4] Compl. ¶ 14 (doc. 1.)
[5] *Id.* at 78.

Unfair Trade Practices and Consumer Protection Law, fraud, negligence, negligent misrepresentation, misrepresentation, breach of implied warranty, and punitive or exemplary damage claims.

Signed in Baton Rouge, Louisiana, on June 25, 2010.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**