UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBERT S. COOPER, ET AL.

CIVIL ACTION

VERSUS

No. 09-929-JJB-CN

WYETH, INC., ET AL

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The matter before the Court is a motion for summary judgment (doc. 29) filed by

Defendant, Apothecon, Inc. ("Apothecon"). Plaintiffs, Robert S. Cooper and Sue Ann Cooper

("Plaintiffs"), did not file an opposition.   There is no need for oral arguments.  For the following

reasons, the Court GRANTS Apothecon's motion for summary judgment.

Plaintiffs commenced this product liability action on October 27, 2009, seeking damages

for personal injuries allegedly arising from Mr. Cooper's long term ingestion of Reglan, or

metoclopramide as it is known in its generic form. Plaintiffs allege that exposure to

metoclopramide caused Mr. Cooper to suffer serious, permanent, and disabling neurological

injuries, including but not limited to tardive dyskinesia. As part of their original complaint,

Plaintiffs asserted claims of fraud, negligence, negligent misrepresentation, breach of implied

warranty, and punitive/exemplary damages, as well as claims under the Louisiana Unfair Trade

Practices Act ("LUTPA") and the Louisiana Products Liability Act ("LPLA") against Apothecon

as a manufacturer of metaclopramide.

On April 26, 2010, Apothecon filed a motion to dismiss all of Plaintiffs' above-listed

claims. Despite moving for extra time to oppose, Plaintiffs did not file an opposition to

Apothecon's motion. On June 25, 2010, this Court granted Apothecon's motion to dismiss

Plaintiffs' non-LPLA claims. Apothecon now moves for summary judgment as to Plaintiffs' LPLA claims against Apothecon.

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial rests on the non-movant, as it does here, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-movant's case. *See id.* The movant may do so by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case. *Id.*

Although the Court considers any disputed or unsettled facts in the light most favorable to plaintiff, he may not merely rest on allegations set forth in his pleadings. Instead, plaintiff must show that there is a genuine issue for trial by presenting evidence of specific facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy plaintiff's burden. *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If, once plaintiff has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the plaintiff, summary judgment will be granted. *See Celotex,* 477 U.S. at 322; see also Fed. Rule Civ. P. 56(c).

To state a valid claim under the LPLA, a claimant must prove four essential elements: (1) the defendant manufactured the product in question; (2) a characteristic of the product was a proximate cause of the claimant's alleged injuries; (3) the characteristic made the product unreasonably dangerous in a manner outlined by the LPLA; and (4) the claimant's damage arose from a reasonably anticipated use of the product. *See* La. R.S. 9:2800.54.

Defendant Apothecon challenges the sufficiency of Plaintiffs' evidence concerning the first element by arguing that Plaintiffs have not established Apothecon's status as a manufacturer of the Reglan/metoclopramide allegedly ingested by Mr. Cooper. Although Apothecon admits to previously distributing metaclopramide (doc. 29-1), Apothecon posits that Plaintiffs have failed to prove that any metoclopramide ingested by Mr. Cooper was ever manufactured or distributed by Apothecon.

To support this argument, Apothecon submits that federal law, under the Food, Drug and Cosmetic Act, requires a unique number be assigned to all prescription drug products marketed in the United States and that such numbers be listed in the National Drug Code ("NDC") Directory. *See* 21 U.S.C. § 360(e); *see also* Affidavit of Frank Marra at ¶ 2 (doc. 29-4). Upon this Court's order, Plaintiffs provided product identification evidence pertaining to the NDC numbers listed for the metoclopramide dispensed to Mr. Cooper. *See* Affidavit of Frank Marra at ¶ 3 (doc. 29-4). When compared to the numbers designated for metoclopramide products formerly distributed by Apothecon, none matched. *Id.* Furthermore, the NDC numbers listed in Mr. Cooper's pharmacy records concerning the metoclocpramide dispensed to him do not contain any of Apothecon's NDC codes. See Affidavit of Frank Marra at ¶ 4 (doc. 29-4). As a result, this Court finds that Plaintiffs have failed to meet their evidentiary burden in establishing Apothecon as a manufacturer of any of the metoclopramide which allegedly caused Mr. Cooper's injuries.

Several courts, including this Court, have previously dismissed cases in which a claimant has failed to show that a particular defendant manufactured the product that allegedly caused the claimant's harm. *See, e.g., Possa v. Eli Lilly & Co.*, No. 05-1307, 2006 WL 6393160, at *1 (M.D. La. May 10, 2006) (dismissing claim against defendant when plaintiff failed to show that

3

the defendant manufactured the Prozac plaintiff ingested); *Jefferson v. Lead Indus. Ass'n, Inc.*, 930 F. Supp. 241, 246 (E.D. La. 1996) (dismissing plaintiff's claims against several defendants due to plaintiff's failure to establish such defendants as manufacturers of the paint to which the plaintiff was exposed). In the instant matter, Plaintiffs' complaint (doc. 1) and lack of opposition to Apothecon's motion for summary judgment fail to establish a genuine issue of material fact which would purportedly link Apothecon to the metoclopramide allegedly ingested by Mr. Cooper.

The court hereby finds merit in Apothecon's argument that Plaintiffs did not establish a *prima facie* case under the LPLA by failing to establish Apothecon as a manufacturer of the product which allegedly caused harm to Plaintiffs.

Accordingly, regarding Plaintiff's remaining claims under the LPLA, defendant's motion (doc. 29-1) for summary judgment is GRANTED.

Signed in Baton Rouge, Louisiana, this 28th day of September 2010.

_____

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

4