UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBERT S. COOPER, ET AL

VERSUS

WYETH, INC. ET, AL

CIVIL ACTION

NO. 09-CV-929

# RULING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT

This matter is before the Court on Defendant Schwarz Pharma, Inc.'s ("Schwarz") Motion for Summary Judgment (doc. 33) and Defendant Wyeth LLC's ("Wyeth") Motion for Partial Summary Judgment (doc. 39). Plaintiff has filed a single opposition to both Schwarz's and Wyeth's motions (doc. 52). Schwarz (doc. 54) and Wyeth (doc. 56) have each filed replies. This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332.

The following facts are undisputed. From January 1, 1998 to July 31, 2009, Plaintiff Robert S. Cooper ("Cooper") took the drug metoclopramide—the generic version of the drug, Reglan—to combat his acid reflux condition (doc. 33, exhibit A). In mid-2009, Plaintiff began to suffer a number of permanent neurological conditions, including Tardive Dyskinesia.

On October 27, 2009, Plaintiff filed suit against Defendants Wyeth and Schwarz—manufacturers of Reglan—and several manufacturers of metoclopramide (doc. 1). In his complaint, Plaintiff asserted that Defendants violated the Louisiana Products Liability Act ("LPLA") by failing to provide

1

adequate warnings regarding the danger of their products, along with various other claims under Louisiana law[1].

On August 19, 2010, Schwarz filed a Motion for Summary Judgment (doc. 33).  Schwarz asserted that Plaintiff's suit is covered by the LPLA and that (1) Plaintiff has failed to establish that he actually used Schwarz's product, as required by the LPLA; (2) Plaintiff's non-LPLA claims must be dismissed because the LPLA provides the exclusive theory of liability against manufacturers for injuries caused by their products and, alternatively, because Plaintiff cannot establish the requisite elements for each of the claims; (3) there is no statutory basis for Plaintiff's claims for punitive damages (doc. 33).  On September 3, 2010, Wyeth filed its Motion for Partial Summary Judgment asserting the same arguments as Schwarz (doc. 39).

On October 1, 2010, Plaintiff filed its opposition (doc. 52).  Plaintiff asserts that—though he did not actually ingest Reglan—Schwarz and Wyeth are nonetheless liable for authoring and producing inadequate warnings that were subsequently relied upon and incorporated by manufacturers of metoclopramide.

On October 15, 2010, Schwarz filed its reply (doc. 54).  Schwarz (1) again asserted that Plaintiff's action is governed exclusively by the LPLA, and the LPLA requires that the plaintiff be injured by the defendant-manufacturer's product; and (2) asserted that it had no legal duty to warn about the risks associated with

---

[1] Plaintiff also asserted claims under the Louisiana Unfair Trade Practices Act and Louisiana consumer protection law, and for breach of implied warranties, fraud, negligence, negligent misrepresentation and punitive damages (doc. 1).

2

generic drugs manufactured by competitors (doc. 54).  On October 18, 2010, Wyeth filed its reply, in which it asserted the same arguments as Schwarz (doc. 56).

Summary judgment is appropriate if the evidence establishes that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. Rule Civ. P. 56(c).  The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

Plaintiff asserts that his action is not governed by the LPLA because he is not claiming that he was injured by Defendants' products (doc. 52).  Instead, Plaintiff asserts that Schwarz and Wyeth—as holders of New Drug Applications ("Application") for Reglan, metoclopramide's Reference Listed Drug ("RLD")—should be held liable for the insufficient warning labels associated with metoclopramide.  According to Plaintiff, under Federal regulations, generic-drug manufacturers may file Abbreviated New Drug Applications which permit those manufacturers to rely on the research and labeling contained in the Application of the corresponding RLD.  Plaintiff claims that, as manufacturers of Reglan, Schwarz and Wyeth undertook a special responsibility to provide accurate and

3

adequate warnings, because it could foresee its warnings would be relied upon by manufacturers of MCP and prescribing physicians (doc. 52).

Defendants assert that Plaintiff's action—as one for injuries stemming from the use of a product—is governed exclusively by the LPLA (docs. 54 and 56). Defendants assert that Plaintiff may not recover under the LPLA because he cannot establish that Defendants manufactured the products in question (docs. 54 and 56). Moreover, Defendants assert that the LPLA provides no cause of action against a defendant for failure to warn consumers about another manufacturer's product (docs. 54 and 56).

This Court has previously held that suits for injuries stemming from the use of a product are ultimately products liability suits and are governed by the LPLA. *See Tarver v. Wyeth*, 2005 WL 4052382, at *3 (W.D. La. June 7, 2005) ("The claim in this case is that plaintiff was injured by a product which should not have injured her. It is, therefore, a products liability case, regardless of who are the defendants."). Under the LPLA, a plaintiff may not recover unless he can establish that the defendant manufactured the product in question. *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 260-61 (5th Cir.2002). Moreover, a plaintiff may not recover on the basis of any theory not set forth in the LPLA. *Jefferson v. Lead Indus. Assoc., Inc.*, 106 F.3d 1245, 1250-51 (5th Cir.1997). Though the LPLA recognizes a cause of action for inaccurate or inadequate warnings, Louisiana and Federal courts have "consistently held that brand name manufacturer's are not responsible for warning consumers about another

4

manufacturer's drugs." *Johnson v. TEVA Pharm. USA, Inc.*, 2010 WL 3271934, at *3 (W.D. La. Aug. 16, 2010); *Stanley v. Wyeth*, 991 So.2d 31, 32 (La. App. 1st Cir. May 2, 2008) (stating that "a name brand drug manufacturer owes no legal duty to the consumer of a generic equivalent of its drug").

The Court finds that there are no genuine issues of material fact. Plaintiff did not ingest any products manufactured by Defendants Schwarz or Wyeth (doc. 33, exhibit A). Instead, Plaintiff ingested metoclopramide—the generic equivalent of Defendants' product, Reglan.

Moreover, the Court finds that Defendants are entitled to prevail as a matter of law. Under the LPLA, a claimant may recover only from the manufacturer of the product which allegedly caused the claimant's injuries. *Stahl*, 283 F.3d at 260-61. Here, neither Schwarz nor Wyeth manufactured the metoclopramide which allegedly caused Plaintiff's injuries. In addition, a claimant in a products liability suit may only recover on the basis of theories set forth in the LPLA, and the LPLA does not provide a claim for relief against a manufacturer for injuries arising from another manufacturer's inaccurate or inadequate warnings. *Jefferson*, 106 F.3d at 1250-51; *Johnson*, 2010 WL 3271934, at *3. Here, Plaintiff's numerous Louisiana law claims all relate to inaccurate or inadequate warnings on products not manufactured by Defendants.

Therefore, the Court will GRANT Defendant Schwarz's Motion for Summary Judgment (doc. 33) and Defendant Wyeth's Motion for Partial Summary Judgment (doc. 39).

5

## **Conclusion**

Accordingly, because Plaintiff's suit is governed exclusively by the LPLA and (1) Defendants did not manufacture the product which allegedly caused Plaintiff's injuries as is required by the LPLA; and (2) Plaintiff asserts claims not supported by LPLA which provides exclusive theories of recovery, the Court GRANTS Defendant Schwarz's Motion for Summary Judgment (doc. 33) and Defendant Wyeth's Motion for Partial Summary Judgment (doc. 39) as to all of Plaintiff's claims.

Signed in Baton Rouge, Louisiana, this 26th day of October, 2010.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**