UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF LOUISIANA

ROBERT S. COOPER
and SUE ANN COOPER,
    Plaintiffs                          Case No. 09-CV-929

v.

WYETH, INC d/b/a WYETH,                Judge James J. Brady
ESI LEDERLE, INC.,
SCHWARZ PHARMA, INC.
TEVA PHARMACEUTICALS USA, INC.       Magistrate Judge Christine Noland
and APOTHECON, INC.
    Defendants

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE OPINIONS OF DEFENSE EXPERT MARIANNE MANN, M.D.**

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

    **NOW COME** Plaintiffs, ROBERT COOPER and SUE ANN COOPER, through undersigned counsel, and hereby submit this Memorandum in Support of Plaintiffs' Motion to Exclude the Opinions of Defense Expert Marianne Mann, M.D., and respectfully show the Court the following:

**I.    Introduction.**

    This case involves the ingestion of Reglan, metoclopramide and/or metoclopramide HCl (hereinafter referred to as "Reglan/metoclopramide") by Plaintiff Robert Cooper and the subsequent development of tardive dyskinesia as a result of said ingestion. Mr. Cooper ingested the drug Reglan, metoclopramide, and/or metoclopramide HCl as prescribed by his physicians from May 1998 until sometime in or around July, 2009. By mid-2009, Mr. Cooper was exhibiting overt and abnormal movements which have since been linked to his use of Reglan/metoclopramide.

On or about March 4, 2014, Defendant Wyeth LLC served its Disclosure of Expert Testimony in which they designated Marianne Mann, M.D. Her report and curriculum vitae are attached hereto as **Exhibit A** and **B**, respectively. Plaintiffs now move to exclude the opinions of Dr. Mann under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny.

## II.   Standards for the Admission of Expert Testimony.

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact in understanding the evidence or determining a fact in issue. In *Daubert*, the United States Supreme Court instructed trial courts to function as gatekeepers and determine whether expert testimony should be presented to the jury. *Id.* at 590-93. The Court also charged lower courts with the responsibility of determining whether expert testimony under Rule 702 is "not only relevant, but reliable." *Id.* at 589. Reliability is analyzed under Rule 702, which requires that (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case. *See* FED. R. EVID. 702. Courts must also ensure that the proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." *Id.*

The Supreme Court established the following non-exclusive list of specific factors a trial court may consider in assessing whether expert testimony is the product of reliable principles and methods:

> 1. Whether the expert's technique or theory can be or has been tested – that is, whether the expert's theory can by challenged in some objective sense, or whether it is instead simply a subjective conclusory approach that cannot be reasonably assessed for reliability;

2. Whether the technique or theory has been subject to peer review and publication;

3. The known or potential error rate of the technique or theory when applied;

4. The existence and maintenance of standards and controls; and

5. Whether the technique or theory has been generally accepted in the scientific community.

*Id.* at 593-95. No one of these factors is necessarily dispositive and, therefore, each factor's usefulness in assessing reliability will vary "depending on the nature of the issue, the expert's particular expertise, and the subject of the testimony." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999); *see also Daubert*, 509 U.S. at 593-95.

Although the *Daubert* Court stated that the "focus…must be solely on the principles and methodology, not on the conclusions they generate," it later recognized in *General Electric Co. v. Joiner* that "conclusions and methodology are not entirely distinct from one another." *Daubert*, 509 U.S. at 595; *Joiner*, 522 U.S. 136, 146 (1997). Consequently, "when an expert purports to apply principles and methods in accordance with professional standards, and yet reaches a conclusion that other experts in the field would not reach, the trial court may fairly suspect that the principles and methods have not been faithfully applied." FED. R. EVID. 702 Advis. Comm. Note 8 (citing *Lust v. Merrell Down Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996)).

### III. Dr. Mann's opinions must be excluded under Rule 702 and *Daubert*.

The opinions in Dr. Mann's 41-page report are conclusory and speculative. She opines, in part, as to the FDA's awareness regarding the association between Reglan/metoclopramide and tardive dyskinesia; the adequacy and accurateness of the medication's label; and Wyeth's actions while holding the NDA for Reglan. She further states that she disagrees with any

suggestion that Reglan was "unreasonably dangerous" or that it should not have been approved for GERD. Each of her opinions, however, lacks adequate foundation to render them reliable or admissible in front of a jury. For instance, she summarily concludes that Wyeth complied with its regulatory obligations during drug development, approval, post-marketing pharmacovigilance, and labeling. Yet, this broad opinion is not based on an objective review of all data available but rather on Dr. Mann's subjective interpretation of that data. Indeed, Dr. Mann's report appears to focus on disagreeing with anything said by Plaintiffs' experts and supporting all actions by Defendant Wyeth and the FDA. For example, she specifically states that she disagrees with Dr. Seeman's "conclusions that the occurrence of EPS in metoclopramide-treated patients is comparable to or higher than that found for the phenothiazines and other dopamine antagonists." She then concludes: "Rather, I agree with the statement in the Reglan label…" This vague statement fails to explain any reliable basis for the opinion.

    In proffering Dr. Mann as an expert witness, it is Defendant Wyeth's burden to establish that her opinions are reliable and relevant. This includes a showing that her testimony is based upon sufficient facts; is the product of reliable principles and methods; and that she applied the principles and methods reliably to the facts of the case. *See* FED. R. EVID. 702. Dr. Mann's opinions are so broad, speculative, and conclusory that Defendant Wyeth cannot meet this burden. In addition, her testimony is not helpful to the jury because it is not properly tied to the facts of this case. Moreover, there has been no demonstration that Dr. Mann is qualified to offer each of the broadly-ranging opinions included in her report. As such, Dr. Mann's opinions should be excluded from the trial of this cause.

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE
THE OPINIONS OF DEFENSE EXPERT MARIANNE MANN, M.D.

4 | P A G E

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs Robert and Sue Ann Cooper respectfully request that this Court grant their Motion to Exclude the Opinions of Defense Expert Marianne Mann, M.D. and pray for such further and other relief to which they may show themselves justly entitled.

Respectfully Submitted,

__/s/ William B. Curtis__
DANIEL J. MCGLYNN
Louisiana State Bar No. 17051
TERRENCE J. DONAHUE, JR.
Louisiana State Bar No. 32126
**MCGLYNN, GLISSON & MOUTON**
340 Florida Street
Baton Rouge, LA   70801
Telephone (225) 344-3555
Facsimile (225) 344-3666
Email: danny@mcglynnglisson.com
Email: joe@mcglynnglisson.com

WILLIAM B. CURTIS
Texas State Bar No. 00783918
**CURTIS LAW GROUP**
7557 Rambler Road, Ste. 1050
Dallas, TX 75231
Telephone (214) 890-1000
Facsimile (214) 890-1010
Email: bcurtis@curtis-lawgroup.com

Steven Courtney Gill
**THE GILL LAW FIRM, LLC**
909 Poydras, Ste. 2180
New Orleans, LA 70112
Telephone: 504-585-1617
Facsimile: 504-585-1621
Email: gilllegal@bellsouth.net

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed using the Court's electronic CM/ECF system and electronically served on all parties on this 16th day of May, 2014.

                                              /s/ William B. Curtis
                                              William B. Curtis